UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHRISTIAN RUNYON                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:15CV-P88-TBR

KEN CLAUD                                                                           DEFENDANT

### MEMORANDUM OPINION

Plaintiff Christian Runyon initiated this *pro se* action by filing a complaint on his own paper.  On June 2, 2015, the Court entered an Order directing Plaintiff to either pay the $400.00 filing fee or to file an application to proceed without the prepayment of fees within 30 days.  The Order also directed Plaintiff to file his action on the Court's 42 U.S.C. § 1983 complaint form within 30 days.  The Order warned Plaintiff that his failure to comply within the time allowed would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case.  Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an

inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
     Defendant
4413.010